REYNOLDS ET AL. *v.* PHYSICIANS INSURANCE COMPANY
OF OHIO, APPELLEE; ZORNOW, APPELLANT.

[Cite as *Reynolds v. Physicians Ins. Co.
of Ohio* (1993), 68 Ohio St.3d 14.]

(No. 92–1545—Submitted September 29, 1993—Decided December 8, 1993.)

*Manahan, Pietrykowski, Bamman & DeLaney, Cormac B. DeLaney* and *Jeffrey J. Madrzykowski,* for appellee.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Daniel S. Cody, James M. Tuschman* and *Robert C. Maynard,* for appellant.

FRANCIS E. SWEENEY, SR., J. The sole issue is whether an implied contract of indemnity exists between two physicians, each physician having distinct and separate duties in caring for an infant patient. For the following reasons, we answer "no," and accordingly, reverse the judgment of the court of appeals.

Appellee PICO contends that its cause of action is based on an implied contract of indemnity theory. The rule of indemnity provides that "where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable." *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 14, 70 O.O.2d 6, 8, 321 N.E.2d 787, 789. When a person is secondarily liable due to his relationship to the other party, and is compelled to pay damages to an injured party, he may recoup his loss for the entire amount of damages paid from the one who is actually at fault, and who, in fact, caused the injuries. See *Globe Indemn. Co. v. Schmitt* (1944), 142 Ohio St. 595, 603, 27 O.O. 525, 529, 53 N.E.2d 790, 794.

An implied contract of indemnity should be recognized in situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other. See *Losito v. Kruse* (1940), 136 Ohio St. 183, 185, 16 O.O. 185, 186, 24 N.E.2d 705, 706. Relationships which have been found to meet this standard are the wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant. *Id.* at 185–186, 16 O.O. at 186–187, 24 N.E.2d at 706–707. Indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence. *Globe Indemn. Co. v. Schmitt, supra,* 142 Ohio St. at 599, 27 O.O. at 527, 53 N.E.2d at 792.

In the present case, we find that no relationship exists between the two physicians that would give rise to primary and secondary liability. There are two physicians here with separate and distinct duties. Dr. Mete was responsible for the delivery of infant Reynolds. Dr. Zornow was responsible for providing pediatric care after the birth of the infant. They acted independently of one another and are, therefore, responsible only for the results of their own negligence, if negligent at all. Thus, this is a joint and concurrent tortfeasor situation in which no right of indemnity lies.

Dr. Mete voluntarily entered into a settlement agreement with the Reynoldses based on his belief as to his own liability. Dr. Mete was not legally obligated to enter into that agreement. It would be unjust to demand that an unrelated party, Dr. Zornow, indemnify Dr. Mete for the entire amount of that settlement agreement.

Accordingly, we conclude that in a medical malpractice action against two physicians alleging negligence in the medical care and treatment of a patient, there is no implied contract of indemnity when no relationship existed between the physicians and each had distinct and separate duties in caring for such patient.

The judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.