[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 391.]

MOTORISTS MUTUAL INSURANCE COMPANY ET AL., APPELLANTS, *v*. HURON ROAD HOSPITAL ET AL., APPELLEES.

[Cite as *Motorists Mut. Ins. Co. v. Huron Rd. Hosp*., 1995-Ohio-119]

*Negligence—Aggravation of original injury by medical provider—R.C. 2307.31 creates right of contribution between tortfeasor and medical provider— Mere filing of a complaint does not constitute an attempted commencement of an action for purposes of R.C. 2125.04.*

1. When a medical provider's negligent treatment of bodily injuries caused by a tortfeasor results in further injury or aggravation of the original injury, R.C. 2307.31 creates a right of contribution between the tortfeasor and the medical provider as to indivisible injuries. (*Travelers Indemn. Co. v. Trowbridge* [1975], 41 Ohio St.2d 11, 70 O.O.3d 6, 321 N.E.2d 787, paragraph one of the syllabus, overruled.)

2. The mere filing of a complaint does not constitute an attempted commencement of an action for purposes of R.C. 2125.04.

(No. 94-873—Submitted May 24, 1995—Decided August 30, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 64585.

———————

{¶ 1} On October 12, 1986, Randy Roulette ("Roulette") negligently caused an automobile accident in which James T. Ross was seriously injured. Ross was taken to the emergency room of Lake County Hospital, where appellants claim that necessary medical and surgical treatment was negligently omitted or delayed. Ross was eventually transferred to Huron Road Hospital, where appellants claim that Ross was again negligently subjected to delay in medical and surgical treatment. Ross died on October 13, 1986.

**{¶ 2}** Appellant Frances D. Ross, the executor of Ross's estate, filed suit against Roulette and Roulette Pontiac, alleging that Roulette negligently caused the collision which caused Ross's mortal injuries. She sought damages suffered by Ross prior to his death and additional damages for wrongful death. She made no allegations regarding the alleged negligence of any medical providers in the suit against Roulette.

**{¶ 3}** Appellant Motorists Mutual Insurance Company ("Motorists") was the insurer of Roulette and Roulette Pontiac. Motorists eventually settled the lawsuit against its insureds, paying over $1,300,000 in damages. Ross's estate agreed to release and discharge only Roulette and Roulete Pontiac from further liability. None of the appellees was notified about the settlement prior to its execution.

**{¶ 4}** On October 13, 1988, all the appellants, except Motorists, filed a wrongful death complaint against all the appellees in the Cuyahoga County Common Pleas Court. Appellants alleged that the appellees provided substandard medical care and tortiously delayed providing the emergency treatment which Ross required, causing Ross's death the day after the accident.

**{¶ 5}** According to appellants' brief, after the case was filed, the clerk issued summonses, and the court granted the request of one of appellants' attorneys to himself be permitted to serve the appellees. The attorney designated to make service intentionally did not make service due to a dispute between the executor and the other next of kin. On October 10, 1989, several days before the expiration of one year from the date of filing, with service still not attempted, appellants voluntarily dismissed the case without prejudice under Civ.R. 41(A)(1).

**{¶ 6}** On October 4, 1990, appellants, including Motorists, filed the instant action in the Cuyahoga County Court of Common Pleas. In count one of that complaint, Motorists, asserting its subrogation rights from its insureds, alleged that appellee health care providers had negligently treated Ross following the

automobile collision and that Motorists had paid over one million dollars more in damages than it otherwise would have had to pay because of appellees' negligence. Motorists alleged that it thus had a "right of common law indemnity" against all the appellees.

{¶ 7} Count two of the complaint was identical to the wrongful death action against appellees which had been "voluntarily dismissed" on October 10, 1989. Count two designates Frances D. Ross, executor of Ross's estate, as an involuntary party plaintiff pursuant to Civ.R. 19(A) "because of her refusal despite being requested to timely file this action and because she is a necessary party plaintiff who should join as a plaintiff and in whose name this action for wrongful death must be brought." The remaining plaintiffs were Ross's parents, Ann Dorothy Ross and the estate of Lloyd D. Ross, Sr., and siblings, Lloyd D. Ross, Jr. and Rita Ann Ross Knapic.

{¶ 8} Eventually, as of October 28, 1992, the trial court awarded all the appellees summary judgment on both counts. The appellants appealed to the Eighth District Court of Appeals. The appellate court affirmed the trial court. As to count one, the court found that as a subrogee of an alleged joint tortfeasor with the medical providers, Motorists had a claim for contribution, not indemnity, that was controlled by R.C. 2307.31 and 2307.32. The court found that Motorists failed to comply with the statutory requirements governing its right of contribution, nullifying any recovery against the appellees.

{¶ 9} As for count two, the court found that the appellants failed to meet the statute of limitations for wrongful death actions. While the first complaint was filed in a timely fashion, appellants never attempted service. While the appellants refiled their lawsuit within one year after voluntarily dismissing it, the savings statute for wrongful death actions failed to apply, since the original action had never been commenced or attempted to have been commenced.

{¶ 10} This action is before this court upon the allowance of a discretionary appeal.

————————————

*Spero & Rosenfield Co., L.P.A.,* and *Keith E. Spero; Donald D. Weisberger* and *Marian Rose Nathan*, for appellants.

*Reminger & Reminger Co., L.P.A., Stephen E. Walters* and *Nancy F. Zavelson*, for appellees Huron Road Hospital, Keith Perrine, M.D., Craig Carter, M.D., and Raymond Malackany, M.D.

*Reminger & Reminger Co., L.P.A., John R. Scott* and *Nancy F. Zavelson,* for appellees Modesto Peralta, M.D., and Donna J. Waite, M.D.

*Reminger & Reminger Co., L.P.A.,* and *Nancy F. Zavelson*, for appellees Lake Hospital Systems, Inc., Lake County Hospital East, and Ann Klein Takacs.

*Jacobson, Maynard, Tuschman & Kalur* and *Janis L. Small*, for appellees Daniel P. Guyton, M.D., Nandalike S. Shetty, M.D., Claudio Gallo, M.D., Lake County Emergency Services, Dennis Dolgan, M.D., John P. Ferron, M.D., Drs. Hill & Thomas Company, David A Steiger, M.D., Arthur M. Thynne, M.D., and Euclid Clinic Foundation.

*Martindale & Brzytwa, Harry T. Quick* and *Daniel F. Petticord*; and *Richard G. Waldron*, for appellee Blue Cross and Blue Shield of Northern Ohio, d.b.a. HMO Health Ohio.

————————————

**PFEIFER, J.**

{¶ 11} The two issues in this case are: (1) whether a common-law right of indemnity or a statutory right of contribution controls the relationship between a tortfeasor and a medical provider, when the medical provider negligently causes further injury or aggravates the original injury caused by the tortfeasor; and (2) whether the savings statute for wrongful death cases applies to a case in which a complaint has been filed but in which service has not been attempted.

I

{¶ 12} Motorists argues that the common-law right of indemnity created by this court in *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787, controls its relationship with the other appellees, rather than R.C. 2307.31, which provides a right of contribution among joint tortfeasors.

{¶ 13} As this court has long recognized, the substance of the subject matter of a case is determinative, not the form under which a party chooses to bring it. *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 524 N.E.2d 166. The substance of Motorists' claim is one for contribution.

{¶ 14} Motorists' insureds and the appellees, if negligent, were concurrently negligent. "Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury." *Garbe v. Halloran* (1948), 150 Ohio St. 476, 38 O.O. 325, 83 N.E.2d 217, paragraph one of the syllabus. Though separate in time, the negligence of Motorists' insureds led to the alleged negligence of the appellees, and combined with the appellees' alleged negligence to cause Ross's death, the single indivisible injury.

{¶ 15} Motorists admits that it, through its insureds, was actively negligent. As such, it has no right to indemnity. "Indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence." *Reynolds v. Physicians Ins. Co. of Ohio* (1993), 68 Ohio St.3d 14, 16, 623 N.E.2d 30, 31-32.

{¶ 16} Motorists' claim has none of the indicia of indemnity. Implied contracts of indemnity are reserved for those "situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other. * * * Relationships which have been found to meet this standard are the

wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant." *Id*. at 16, 623 N.E.2d at 31.

{¶ 17} Even the nature of the relief Motorists seeks points to contribution rather than indemnity. Motorists seeks proportionate reimbursement from appellees; an action for indemnity, on the other hand, requires complete reimbursement. *Travelers,* 41 Ohio St.2d at 13-14, 70 O.O.2d at 8, 321 N.E.2d at 789.

{¶ 18} Motorists points to the *Travelers* decision for salvation, but it offers none. In *Travelers*, an employee was injured due to his employer's negligence. The employee's treating physician aggravated the injury. The employee's lawsuit against his employer was settled, and the employer's insurer then instituted an action against the physician "seeking indemnity from [the physician] for that portion of the settlement attributable solely to the [physician's] alleged independent negligent acts * * * ." *Travelers*, 41 Ohio St.2d at 12, 70 O.O. 2d at 7, 321 N.E.2d at 788.

{¶ 19} The court decided *Travelers* in a time when the status of the law was that "ordinarily there is no contribution or indemnity between joint or concurrent tortfeasors." *Travelers*, 41 Ohio St.2d at 14, 70 O.O.2d at 8, 321 N.E.2d at 789. The court noted that an exception existed "where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof." *Id*. In such a situation, the secondarily liable party had a right of indemnity against the primarily liable party.

{¶ 20} Painting with its broadest equitable brush, this court found that the particular relationship between tortfeasors in its case did not fall clearly into the category of concurrent tortfeasors, nor into a situation where primary and secondary liability existed. However, the court found that the relationship "[fell] closer, and more equitably, into the latter category than the former." *Travelers*, 41 Ohio St.2d at 16, 70 O.O.2d at 9, 321 N.E.2d at 790. Thus, the court found that a tortfeasor

had a right to indemnity from a physician who negligently caused a new injury or aggravated the existing injury during the course of his treatment of the injury caused by the tortfeasor.

{¶ 21} The *Travelers* court was well intentioned, and crafted a fair result. The decision provided an equitable stopgap prior to the legislature's creation of a right of contribution between concurrent tortfeasors. Good intentions, however, like bad facts, sometimes make bad law. *Travelers* terms a right of contribution a right to indemnity, and to that extent we accordingly overrule that decision. The correct statement of the law is as follows:

{¶ 22} When a medical provider's negligent treatment of bodily injuries caused by a tortfeasor results in further injury or aggravation of the original injury, R.C. 2307.31 creates a right of contribution between the tortfeasor and the medical provider as to indivisible injuries.

{¶ 23} R.C. 2307.31 provides, in part:

"(A) * * * [I]f two or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability * * * ."

{¶ 24} Ohio's contribution statutes govern the relationship between Motorists and the appellees. Motorists' failure to follow the statutory dictates extinguished any contribution rights it may have had. R.C. 2307.31(B) provides that "a tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury * * * is not extinguished by the settlement * * * ." Since Motorists' settlement extinguished only the liability of its insureds, it is not entitled to contribution from the appellees.

**{¶ 25}** Further, Motorists failed to comply with the dictates of R.C. 2307.32 (C), which require a tortfeasor to seek contribution within one year of settling with a claimant.

**{¶ 26}** Since Motorists never had a right of indemnity against the appellees, and since its right of contribution was nullified by its failure to follow statutory dictates, we affirm the judgment of the appellate court on this issue.

II

**{¶ 27}** For a wrongful death action to be considered timely, it must be commenced within two years of the decedent's death. R.C. 2125.02(D). Civ.R. 3(A) defines what constitutes "commencement":

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant     * * * ."

**{¶ 28}** Therefore, if a plaintiff fails to file a complaint within the two-year statutory period, or fails to obtain service over a defendant within a year of that filing, the complaint must be considered untimely for failure of commencement.

**{¶ 29}** It has always been the desire of the courts and the General Assembly to have issues determined upon their merits rather than extinguished because of procedural constraints. Savings statutes have been created to afford plaintiffs an opportunity to bring a new action after the running of the limitations period when an effort to bring the original action in a timely manner fails otherwise than on its merits. For wrongful death actions, R.C. 2125.04 governs:

"In every action for wrongful death commenced or attempted to be commenced [within the statute of limitations] * * *, if the plaintiff fails otherwise than upon the merits, and the [statute of limitations] * * * has expired at the date of such * * * failure, the plaintiff * * * may commence a new action within a year of such date."

**{¶ 30}** Appellants filed their complaint on October 13, 1988, two years after Ross's death. Accordingly, they had until October 13, 1989 to obtain service on

appellees. That this was not done, or even attempted, is uncontroverted. Rather, the appellants voluntarily dismissed their claim pursuant to Civ.R. 41(A)(1) three days before the one-year period for service expired. Appellants refiled their wrongful death action on October 4, 1990.

{¶ 31} Appellants need the protection of the savings statute in order for their action to survive. The wrongful death savings statute has two requirements: (1) the commencement or attempted commencement of the action before the expiration of the statute of limitations, and (2) a failure otherwise than upon the merits.

{¶ 32} The mere filing of a complaint does not constitute an attempted commencement of an action for purposes of R.C. 2125.04. Service is too vital a part of commencement of a lawsuit for a party to be deemed to have attempted commencement without even attempting service. See Civ.R 3(A) and. 4(E).

{¶ 33} A savings statute is not to be used as a method for tolling the statute of limitations. See *Lewis v. Connor* (1986), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285. Although this court has held that savings statutes should be liberally construed, the criteria of the statutes must be satisfied in order to prevent circumvention of the statute of limitations and unfairness to defendants never put on notice.

{¶ 34} Since the appellants never commenced their first action, the protection provided by R.C. 2125.04 never attached. Thus, when appellants filed their complaint on October 4, 1990, they were nearly two years beyond the applicable statute of limitations. We therefore affirm the court of appeals' judgment on this issue.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____