OPINION
{¶ 1} This is a Civ.R. 54(B) appeal of the dismissal of a third party complaint. The underlying action was brought by Patricia L. Yank and Joseph A. Yank ("the Yanks") for breach of contract, negligent misrepresentation, and reckless misrepresentation regarding the Yanks' purchase of a home in Boardman, Ohio. The named defendants were the prior owners of the home, Albert R. Ferney and Rosemary A. Ferney ("the Ferneys"), and Howard Hanna Real Estate Services ("Appellant"). Appellant acted as the sellers' real estate agent. The Yanks alleged that the defendants grossly misrepresented the size of the lot and the square footage of the house.
 {¶ 2} During the litigation, Appellant filed a Third Party Complaint against Prudential Roesti Realty Company ("Prudential") and one of its real estate agents, Diane Reilly ("Reilly"). Appellant alleged that the Yanks hired and retained Reilly as their own real estate agent throughout the negotiation and sale of the property. Appellant alleged that Prudential and Reilly breached various duties owed to the Yanks by not properly investigating the property. Appellant alleged that, because of the duties that Prudential and Reilly owed to the Yanks, that Prudential and Reilly also had a duty to indemnify Appellant for any damages that might be awarded to the Yanks because of Appellant's negligence. The Mahoning County Court of Common Pleas dismissed Appellant's third party complaint because it could find no set of circumstances under which Appellant could prove a right of indemnity from Prudential and Reilly. The trial court was correct in dismissing Appellant's third party complaint and the trial court's judgment is affirmed.
 {¶ 3} On May 8, 2001, the Yanks filed their complaint in the Mahoning County Court of Common Pleas. The complaint arose after the Yanks purchased a house at 4825 Hopkins Road, Boardman, Ohio. The Yanks alleged the property listing stated that the house had 2,680 square feet of living space and that it sat on a four-acre lot. The Yanks later discovered that the house only had 2,067 square feet of living space and the lot was 2.47 acres. The Yanks sued the sellers and Appellant.
 {¶ 4} Appellant filed an Answer and Cross-Claim on September 6, 2001. The cross-claim was against the sellers of the house, the Ferneys.
 {¶ 5} On September 20, 2001, Appellant filed a Third Party Complaint ("T.P.C.") against Prudential and Reilly for indemnification. The T.P.C. alleged that Diane Reilly was an, "agent/employee/independent contractor," for Prudential. The T.P.C. alleged that Prudential and Reilly owed duties to the Yanks as their agents. (9/20/01 T.P.C., p. 4.) Appellant also alleged that Prudential and Reilly were in contractual privity with the Yanks. (9/20/01 T.P.C., p. 4.) The T.P.C. concluded that Prudential and Reilly were solely liable for all claims asserted by the Yanks. Appellant requested indemnity from Prudential and Reilly for any damages recovered by the Yanks. (9/20/01 T.C.P., p. 5.)
 {¶ 6} Prudential and Reilly did not file an answer to the third party complaint. Instead, on December 21, 2001, they filed a motion for judgment on the pleadings.
 {¶ 7} On February 20, 2002, the trial court granted Prudential and Reilly's motion for judgment on the pleadings pursuant to Civ.R. 12(C). The court held that, "Third Party Plaintiff can prove no set of facts entitling it to indemnification from Third Party Defendants." The court reasoned that the allegations in the third party complaint could be argued as a defense to the Yanks claims, but could not constitute an indemnity action.
 {¶ 8} On March 4, 2002, Appellant filed a Motion for Reconsideration or, in the alternative, Motion to Amend Judgment Entry. Part of the motion was a request to add the language required by Civ.R. 54(B) to allow the February 20, 2002, Judgment Entry to be treated as a final appealable order.
 {¶ 9} On April 15, 2002, the trial court filed an amended judgment entry, adding the words: "the Court expressly determines that there is no just reason for delay" as required by Civ.R. 54(B).
 {¶ 10} On June 17, 2002, Appellant filed a Notice of Appeal of the April 15, 2002, Judgment Entry. There is no indication in the record that the court notified the parties of the April 15, 2002, judgment, and therefore, this appeal will be treated as timely filed. App.R. 4(A).
 {¶ 11} Although interlocutory, the entry before us constitutes a final appealable order. The Ohio Supreme Court has held that, "[a]n order of a trial judge allowing or dismissing a third-party complaint is not a final appealable order unless there is an express determination that there is no just reason for delay." State ex rel. Jacobs v. MunicipalCourt of Franklin Cty. (1972), 30 Ohio St.2d 239, 284 N.E.2d 584. The April 15, 2002, judgment entry contains the language required by Civ.R. 54(B), and therefore, is final and appealable.
 {¶ 12} Appellant's first assignment of error states:
 {¶ 13} "The Trial Court Erred When It Granted Reilly And Prudential's Motion For Judgment On The Pleadings When The Pleadings Were Not Closed."
 {¶ 14} Appellant argues that Civ.R. 12(C) allows for a judgment on the pleadings, but only when the pleadings are actually closed. It is obvious from the record that the pleadings were not closed when the trial court made its ruling.
 {¶ 15} Appellant is correct that judgment on the pleadings cannot be determined until the pleadings are closed. State ex rel. Kaylor v.Bruening (1997), 80 Ohio St.3d 142, 144, 684 N.E.2d 1228. Nevertheless, such action by the trial court is harmless if the judgment is appropriate for other reasons. Id. A premature Civ.R. 12(C) judgment may be upheld on appeal if the judgment was appropriate under Civ.R. 12(B)(6), "failure to state a claim upon which relief can be granted." Id. at 143-144. A Civ.R. 12(B)(6) motion may be entertained after a claim is filed and before the party asserting the motion has filed a responsive pleading.
 {¶ 16} The trial court actually held that Appellant stated a claim for which no relief could be granted. This is a dismissal based on Civ.R. 12(B)(6). As will be shown below, the trial court was correct that Appellant's complaint did not state any grounds for relief. This assignment of error is overruled because the error was harmless.
 {¶ 17} Appellant's second assignment of error asserts:
 {¶ 18} "The Trial Court Erred When It Applied The Incorrect Standard Of Review To The Third Party Complaint."
 {¶ 19} Appellant asserts that a Civ.R. 12(C) motion may not be granted if there are material issues of fact remaining to be resolved, citing Blue Ash Bldg. Loan Co. v. Hahn (1984), 20 Ohio App.3d 21,484 N.E.2d 186. As noted above, the trial court's decision can be affirmed on the basis of Civ.R. 12(B)(6), "failure to state a claim upon which relief can be granted". A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs. (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. The court will look only to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. A Civ.R. 12(B)(6) motion should be granted, "only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover," or where the, "writing presents an insuperable bar to relief." Slife v. Kundtz Properties (1974), 40 Ohio App.2d 179,185-186, 69 O.O.2d 178, 318 N.E.2d 557. In reviewing whether a dismissal under Civ.R. 12(B)(6) should be granted, the court must accept all the allegations of the complaint as true. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.
 {¶ 20} This Court reviews de novo a trial court's decision to dismiss based on Civ.R. 12(B)(6). Noe v. Smith (2000), 143 Ohio App.3d 215,218, 757 N.E.2d 1164.
 {¶ 21} Appellant's sole claim is that Prudential and Reilly are liable to Appellant for indemnity. "[I]ndemnity may be defined as the right, arising out of an implied contract, of a person who has been compelled to pay what another should pay, to obtain complete reimbursement." Allstate Ins. Co. v. U.S. Assoc. Realty, Inc. (1983),11 Ohio App.3d 242, 246, 11 OBR 368, N.E.2d 169. The right to indemnity requires an allegation of some implied or express contract creating a duty by one party to indemnify the other. Reynolds v. Physicians Ins.Co. of Ohio (1993), 68 Ohio St.3d 14, 16, 623 N.E.2d 30.
 {¶ 22} Appellant has not alleged that it has any express or implied contractual relationship with Prudential and Reilly. Therefore, it has not alleged an essential aspect of proving an indemnity relationship.
 {¶ 23} Appellant also appears to argue that Prudential and Reilly may be liable for indemnity because they are joint tortfeasors with Appellant in relation to the Yanks' complaint. An implied contract of indemnity may be recognized in situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other. Losito v. Kruse (1940), 136 Ohio St. 183, 185, 16 O.O. 185, 186,24 N.E.2d 705, 706; Reynolds, supra, 68 Ohio St.3d at 16, 623 N.E.2d 30. "Relationships which have been found to meet this standard are the wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant. Indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence." (Citations omitted.) Reynolds at 16;Globe Indemn. Co. v. Schmitt (1944), 142 Ohio St. 595, 603, 27 O.O. 525,53 N.E.2d 790.
 {¶ 24} Once again, even if Appellant proved that Prudential and Reilly were joint tortfeasors, it could not claim indemnity. Appellant has not alleged that Prudential and Reilly have a close relationship with Appellant comparable to those relationships listed in Reynolds. In fact, Appellant does not allege that it has any relationship with Prudential and Reilly at all. The allegations in Appellant's third party complaint simply do not allow for the relief of indemnity.
 {¶ 25} Appellant's third assignment of error asserts:
 {¶ 26} "The Trial Court Erred When It Ignored The Other Theories Of Liability Presented In The Third Party Complaint."
 {¶ 27} Appellant argues that it presented more than an indemnity claim in its third party complaint. Appellant submits that the complaint should be liberally interpreted to include a claim of contribution. The third party complaint does not support this contention. The only relief prayed for was that of indemnity.
 {¶ 28} Even if we assume that Appellant did present a claim for contribution, the third party complaint failed to allege facts that would support such a claim. Although Appellant does not clearly draw out its argument, it appears to be based on R.C. § 2307.31, which allows for contribution among joint tortfeasors under certain circumstances. The statute does not define "joint tortfeasor," but the term has been defined elsewhere as, "one who actively participates, cooperates in, requests, aids, encourages, ratifies, or adopts a wrongdoer's actions in pursuance of a common plan or design to commit a tortious act." Clevecon, Inc. v.Northeast Ohio Regional Sewer Dist. (1993), 90 Ohio App.3d 215, 223,628 N.E.2d 143, citing Prosser, Law of Torts (4 Ed. 1978) 292, Section 46.
 {¶ 29} First, Appellant alleges that Prudential and Reilly were joint torfeasors because they had fiduciary responsibilities to the Yanks, and that they breached these responsibilities. This argument is pointless, because R.C. § 2307.31(E), by its own terms, does not allow for contribution in this situation: "(E) This section does not apply to breaches of trust or of other fiduciary obligations."
 {¶ 30} Second, Appellant alleges a series of errors and lapses by Prudential and Reilly attempting to establish that Prudential and Reilly were joint tortfeasors along with Appellant. These errors by Prudential and Reilly include: 1) failing to advise the Yanks regarding information disclosed by Appellant; 2) failing to make further inquiries about the property; 3) failing to advise the Yanks about information received from the sellers; 4) failing to conduct further investigations; and 5) failing to advise the Yanks of their right to investigate the property. Even if we assume that all these facts are true, they all arise out of contractual obligations that Prudential and Reilly may have had toward the Yanks, not out of tort law. Prudential and Reilly had no duty to perform the aforementioned acts independent of the fact that the Yanks engaged them as agents to assist them in the purchase of the property. A person who breaches a contract is not a tortfeasor. Therefore, Prudential and Reilly would not be tortfeasors even if they committed the acts alleged by Appellant.
 {¶ 31} Third, Appellant has made it impossible to argue that Prudential and Reilly are joint tortfeasors by defining them as agents of the Yanks. The act of an agent constitutes the act of the principal, which in this case would be the Yanks. Lepera v. Fuson (1992),83 Ohio App.3d 17, 23, 613 N.E.2d 1060. Appellant is essentially arguing that it is entitled to contribution from the Yanks as joint tortfeasors. This allegation makes no sense. Appellant may claim as a defense that the Yanks are comparatively negligent by failing to further investigate the property or by failing to hire a more effective agent, but Appellant cannot claim contribution from them. The trial judge may have been alluding to this when he stated that, "such is available to be asserted in defense * * *." (2/20/02 J.E.).
 {¶ 32} For all the foregoing reasons, Appellant's third party complaint fails to state a claim for which relief can be granted. The trial court was correct in dismissing the third party complaint. The decision of the trial court is affirmed.
Judgment affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only.