[Cite as *Bockelman v. Griffin*, 2022-Ohio-439.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| MARK L. BOCKELMAN, et al., | **CASE NO. 2021-T-0032** |
| Plaintiffs-Appellees, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| DELORES GRIFFIN, | |
| Defendant/Third Party Plaintiff-Appellant, | Trial Court No. 2019 CV 00529 |
| - v - | |
| NORTHWOOD REALTY SERVICES, et al., | |
| Third Party Defendants-Appellees. | |

## O P I N I O N

Decided: February 14, 2022
Judgment: Affirmed in part, reversed in part, and remanded

*Robert M. Platt, Jr.* and *Michael P. Walton*, Gessner & Platt Co., LPA, 212 West Main Street, Cortland, OH 44410 (For Plaintiffs-Appellees).

*William A. Carlin* and *Mark W. Biggerman*, Carlin & Carlin, 29325 Chagrin Boulevard, Suite 305, Pepper Pike, OH 44122 (For Defendant/Third Party Plaintiff-Appellant).

*Mark L. Rodio*, Frantz Ward LLP, 200 Public Square, Suite 3000, Cleveland, OH 44114 (For Third Party Defendants-Appellees).

MATT LYNCH, J.

{¶1} Defendant/third party plaintiff-appellant, Dolores Griffin, appeals the Judgments of the Trumbull County Court of Common Pleas, granting summary judgment

in favor of plaintiffs-appellees, Mark and Sheri Bockelman (collectively "the Bockelmans"), and in favor of third party defendants-appellees, Northwood Realty Services and David Carpenter (collectively "Northwood Realty"). For the following reasons, the judgment of the court below is affirmed in part, reversed in part and remanded.

{¶2} On March 25, 2019, the Bockelmans filed a Complaint for fraudulent inducement against Griffin, alleging that she had made false and fraudulent representations to them in the course of negotiating the sale of her residence located at 478 Youngstown Kingsville Road in 2017.

{¶3} On May 17, 2019, Griffin answered and filed a Third Party Complaint against Northwood Realty for indemnity.

{¶4} All parties moved for summary judgment.

{¶5} On June 2, 2021, the trial court granted summary judgment in favor of the Bockelmans and Northwood Realty. The court's statement of the evidence is not disputed:

> [O]n October 17, 2013, the Trumbull County Sanitary Engineer's Department sent a letter to Griffin informing her that her residence was subject to an assessment in the amount of $27,259.61 for the Little Squaw Creek Interceptor Phase 4 Sanitary Sewer Project Trumbull County Project 19-S-02D. Griffin admitted to living in the residence at that time and continued to have exclusive use of the residence until September 2014. On November 4, 2017[,] Griffin signed a Real Estate Purchase Contract and the State of Ohio Residential Property Disclosure Form. On the Real Estate Purchase Contract, at Line 70, the form contains a provision that states: "Seller has not received notice of future assessable improvements unless noted _____." Griffin left the space blank. Griffin initialed and dated the bottom of that page and signed at the end. Griffin's Realtor[,] David Carpenter, an agent for Northwood Realty Services, also signed the agreement. On the Real Property Disclosure Form, on Section (L) entitled "Zoning/Code/Violations/Assessments/ Homeowner's Association" the form asks "Do you know of any violations of building or housing codes, zoning ordinances affecting

2

the property or any nonconforming uses of the property?" Griffin checked the box "Yes" and wrote in the blank "Buyer has to tie into sewer line at road." * * * On November 7, 2018, Plaintiffs Mark and Sheri Bock[el]man received the final notice of assessment from the Trumbull County Commissioners confirming the assessment amount of $27,259.61 and advising that the entire amount must be paid by December 7, 2018[,] or the assessment would be certified by the County Auditor for collection on the real estate tax bill over a period of twenty years with a fixed annual percentage rate of 2.467%.

{¶6} Based upon the foregoing record, the trial court granted the Bockelmans' and Northwood Realty's motions for summary judgment and denied Griffin's motion for summary judgment.

{¶7} On July 1, 2021, Griffin filed a Notice of Appeal. On appeal she raises the following assignments of error:

> [1.] The trial court committed prejudicial error in granting Appellees', Mark and Sheri Bockelman's, Motion for Summary Judgment and finding that the Appellant committed fraud regarding the sale of Appellant's residential property for failing to disclose a sewer assessment.
>
> [2.] The trial court committed prejudicial error in granting Northwood's, the Third Party Defendant's Motion for Summary Judgment.

{¶8} "Summary judgment is a procedural device to terminate litigation and to avoid formal trial where there is nothing to try." (Citation omitted.) *Norris v. Ohio Standard Oil Co.*, 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982). Summary judgment is appropriate when "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law," i.e., when "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C). "A decision granting or

3

denying a motion for summary judgment is reviewed de novo." *A.J.R. v. Lute*, 163 Ohio St.3d 172, 2020-Ohio-5168, 168 N.E.3d 1157, ¶ 15.

{¶9}     "The elements of an action in actual fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." (Citation omitted.)  *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987); *Pedone v. Demarchi*, 8th Dist. Cuyahoga No. 88667, 2007-Ohio-6809, ¶ 29 ("[t]he elements of fraudulent inducement are essentially the same as those for fraudulent misrepresentation, fraudulent concealment, and fraudulent nondisclosure").

{¶10}   In Ohio, "every person who intends to transfer any residential real property * * * shall complete all applicable items in a property disclosure form" as prescribed by statute.  R.C. 5302.30(C).  "Each disclosure of an item of information that is required to be made in the property disclosure form * * * shall be made * * * in good faith," meaning "honesty in fact in a transaction involving the transfer of residential real property."  R.C. 5302.30(E)(1) and (A)(1).  "A transferor of residential real property is not liable in damages in a civil action for injury, death, or loss to person or property that allegedly arises from any error in, inaccuracy of, or omission of any item of information required to be disclosed in the property disclosure form if the error, inaccuracy, or omission was not within the transferor's actual knowledge."  R.C. 5302.30(F)(1).  "A seller's failure to disclose the information required by the disclosure form does not necessarily mean that the seller has

4

committed fraud; however, when the seller intentionally fails to disclose a material fact on the disclosure form with the intention of misleading the buyer, and the buyer relies upon the disclosure form, the seller is liable for any resulting injury." (Citation omitted.) *Evon v. Walters*, 11th Dist. Geauga No. 2020-G-0266, 2021-Ohio-3475, ¶ 16.

{¶11} Upon review of the record, we conclude that genuine issues of material fact exist as to Griffin's knowledge of the assessments and intent in failing to disclose them as well as the Bockelmans' justifiable reliance on the nondisclosure. We note that the record before the trial court (as well as this court) consisted of various documents attached to the Complaint and Griffin's Answers to Plaintiffs' Requests for Admissions. There was no affidavit or deposition testimony before the court.

{¶12} A letter from the Trumbull County Sanitary Engineer's Department addressed to Griffin at the Youngstown Kingsville Road residence advised her that, on November 19, 2013, there would be "a public hearing * * * for the Little Squaw Creek Interceptor Phase 4 Sanitary Sewer Project" and that "the tentative mainline construction assessment for your parcel is **$22,230.26**" and that there would be "a service connection assessment cost of **$5,020.35**." Griffin denied receiving this letter.

{¶13} The Residential Property Disclosure Form, signed by Griffin on March 24, 2017, and by the Bockelmans on November 4, 2017, indicates that there were no "recent or proposed rules or regulations of, or the payment of any fees or charges associated with this property," but also that "Buyer has [to] tie into new sewer line at road." The Form states that the property is serviced by "Private Well" and "Septic Tank" and that "City water is available at Road." The Real Estate Purchase Contract, dated November 4,

5

2017, did not indicate that Griffin as seller "received notice of future assessable improvements."

{¶14} With respect to Griffin's knowledge of the assessments, there is a letter from 2013 advising her of tentative assessments which she denied receiving although she is aware of the need to connect to the new sewer line. Construing this evidence most strongly in Griffin's favor, an issue exists as to exactly what she knew about the Sewer Project. We cannot accept the Bockelmans' suggestion that awareness of the necessity of tieing in establishes her knowledge of the assessments as a matter of law. It is certainly possible to infer knowledge of the assessments from her awareness of the need to connect to the new lines but, in summary judgment, the Bockelmans are not entitled to the benefit of that inference. Nor is her denial of the receipt of the letter inconsistent with her responses in the Disclosure Form, so that it may be discounted as self-serving. *See Carter-Jones Lumber Co. v. Smartland, LLC*, 11th Dist. Portage No. 2021-P-0042, 2021-Ohio-3708, ¶ 27. The Bockelmans also cite to a second letter by the Sanitary Engineer's Department to Griffin in 2016 but this letter is not in the record before this court. The reference to this letter in the Bockelmans' brief is "Pl. Disc. (May 17 2021)," which indicates that the 2016 letter was not part of the record before the trial court. Rather, the record before this court is simply inadequate to demonstrate, as a matter of law, what Griffin knew or even what she claimed to know at the time of the sale. *Harless v. Willis Day Warehousing Co. Inc.*, 54 Ohio St.2d 64, 66 fn. 2, 375 N.E.2d 46 (1978) ("[t]he main purpose of the summary judgment statute is to enable a party to go behind allegations in the pleadings and assess the proof in order to see whether there is a genuine need for trial") (citation omitted).

6

{¶15} Likewise, it cannot be established that, by failing to disclose the assessments, Griffin intended to deceive the Bockelmans. It follows, of course, that if Griffin lacked knowledge of the assessments, she could not have had the intent of deceiving the Bockelmans by failing to disclose them. With respect to intent, we further note that Griffin advised the Bockelmans of the need to connect to the municipal sewer line which was the reason for the assessments. Informing the Bockelmans of the need to connect is inconsistent with an intent to conceal from them the costs of connecting.

{¶16} Conversely, if it is proper to infer from Griffin's disclosure of the need to connect that she knew of the assessments, then an issue exists as to whether the Bockelmans' reliance on the statement that there were no assessments was justifiable. Arguably, their knowledge of the need to connect put them on notice of possible assessments. The Bockelmans claim, however, that their reliance was justified because they "engaged in due diligence during their title search and inspection of the property" and "were unable to find anything regarding a sewer assessment." Bockelmans' Brief at 13. Such a claim is not supported by the limited record before this court (and is not even alleged in the Complaint). As the movants, it was the Bockelmans' burden to establish that they were entitled to judgment as a matter of law with appropriate evidentiary materials. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

{¶17} In sum, Griffin's disclosure of the need for the Bockelmans to tie into the municipal sewer line coupled with her failure to disclose the assessments relating to the tie in does not prove fraud as a matter of law. Rather, this partial disclosure of the information required by R.C. 5302.30 precludes summary judgment by raising issues as to her knowledge and intent as well as the reasonableness of the Bockelmans' reliance.

7

Case No. 2021-T-0032

*Shannon v. Fischer*, 12th Dist. Clermont No. CA2020-05-022, 2020-Ohio-5567, ¶ 25 ("Ohio courts have determined that a seller's failure to 'fully disclose' latent and patent defects creates a genuine issue of material fact rendering summary judgment inappropriate"); *Goddard v. Stabile*, 185 Ohio App.3d 485, 2009-Ohio-6375, 924 N.E.2d 868, ¶ 31 (vendors' representation that there was "'small dampness'" in the basement but that it "'does not flood' * * * demonstrates that the * * * disclosure was not made with the intent of misleading [the buyer]").

{¶18} The first assignment of error is with merit.

{¶19} In the second assignment of error, Griffin argues that the trial court erred in granting summary judgment in favor of Northwood Realty on her indemnification claim.

{¶20} The trial court ruled that Griffin "failed to show how she is entitled to indemnity against [the] Third Party Defendants." We agree.

{¶21} "The rule of indemnity provides that 'where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable.'" (Citation omitted.) *Reynolds v. Physicians Ins. Co. of Ohio*, 68 Ohio St.3d 14, 16, 623 N.E.2d 30 (1993). "When a person is secondarily liable due to his relationship to the other party, and is compelled to pay damages to an injured party, he may recoup his loss for the entire amount of damages paid from the one who is actually at fault, and who, in fact, caused the injuries." *Id.*

{¶22} On appeal, Griffin argues that Northwood was her realtor and a signer "with regard to the Purchase Agreement," "on notice of the assessment," and "in a superior

8

position with regard to understanding the intricacies of the transaction." Therefore, a genuine issue of material fact exists as to whether there should be "contribution among joint tortfeasors." Appellant's brief at 14. Contribution among joint tortfeasors is distinct from a claim for indemnity and has not been pled by Griffin. Even if it had, the doctrine of contribution has no application in the present case and Griffin and Northwood are not joint tortfeasors. *See* R.C. 2307.25(A) ("[t]here is no right of contribution in favor of any tortfeasor against whom an intentional tort claim has been alleged and established").

{¶23} Griffin has failed to demonstrate that Northwood is in any sense chargeable with her purported fraud. The Disclosure Form prepared by Griffin provides: "The statements in this form are made by the owner and are not the statements of the owner's agent or subagent." *See* R.C. 5302.30(D)(1) ("the representations [in the disclosure form] are made by the transferor and are not the representations of the transferor's agent or subagent"). Similarly, the Purchase Agreement advises the buyer that "neither Northwood Realty Services not its Agents have made any representations, warranties, or agreements, express or implied, * * * about assessments." In any case, Griffin cites no authority (and this court is aware of none) for the proposition that the party primarily liable for a wrongful act may seek indemnity from a party secondarily liable. *For the contrary, see, Maryland Cas. Co. v. Frederick Co.*, 142 Ohio St. 605, 612-613, 53 N.E.2d 795 (1944).

{¶24} The second assignment of error is without merit.

{¶25} For the foregoing reasons, the grant of summary judgment is affirmed with respect to Northwood Realty and reversed with respect to the Bockelmans, and this

9

matter is remanded for further proceedings consistent with this opinion.  Costs shall be taxed equally between Griffin and the Bockelmans.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-T-0032