[Cite as *Carson v. Carrick*, 2019-Ohio-4260.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

DREW A. CARSON,                                  :

    Plaintiff-Appellant,                   :

                                    No. 108129

    v.                                              :

KATHLEEN CARRICK, ET AL.,              :

    Defendants-Appellees.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 17, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-904219

---

*Appearances:*

Drew A. Carson, *pro se.*

Stephen G. Thomas Co., L.P.A., and Stephen G. Thomas,
*for appellees.*

MARY EILEEN KILBANE, A.J.:

{¶ 1}  Plaintiff-appellant Drew A. Carson ("Carson") appeals the trial court's granting of defendants-appellees Kathleen M. Carrick ("Carrick") and Stephen G. Thomas, individually and doing business as Stephen G. Thomas Co., L.P.A.'s

("Thomas") motion for judgment on the pleadings pursuant to Civ.R. 12(C). For the reasons set forth below, we affirm.

{¶ 2} The instant lawsuit relates to a previous legal action ("original lawsuit") initiated by Carrick, who was represented by Thomas. In the original lawsuit, Carrick filed a complaint on April 24, 2015, against Carson alleging legal malpractice, breach of fiduciary duties, and fraud and conversion.[1] At trial, the fraud and conversion claims were dismissed pursuant to Carson's request for a directed verdict. On November 21, 2017, the jury returned a verdict in favor of Carrick on the remaining two counts and awarded her $62,367.52.

{¶ 3} Neither party filed an appeal. Carrick was unable to collect the jury award from Carson and applied for compensation from the Ohio Supreme Court's Lawyers' Fund for Client Protection. That application has been dismissed pending the resolution of the instant appeal.

{¶ 4} On September 2, 2018, Carson filed a complaint against Carrick and Thomas alleging two causes of action: abuse of process and claim on an account stated.

{¶ 5} Regarding the abuse-of-process claim, Carson purports that once Carrick and Thomas realized during the pendency of the original lawsuit that any potential judgment against Carson was uncollectible, they perjured themselves during trial.

---

[1] The previous lawsuit was filed with Cuyahoga County Court of Common Pleas, Case No. CV-15-844720.

{¶ 6} The alleged perjury stemmed from Carrick's contractual relationship with Carson for legal services. Carrick allegedly provided conflicting testimony regarding whether she and Carson entered a binding agreement. Carrick testified during her discovery deposition that she engaged Carson to perform legal services on her behalf and later testified that Carson agreed to provide those services pro bono. Based upon the varied testimony, Carson surmised that once Carrick prevailed on her fraud and conversion causes of action, Carrick would seek compensation from the Lawyers' Fund for Client Protection. Carson argues Carrick and Thomas used Carrick's false testimony for an improper purpose — to obtain a judgment on fraud and conversion. Carrick would then seek compensation from the Lawyers' Fund for Client Protection based upon that judgment.

{¶ 7} Carrick and Thomas deny any mistruths were presented during Carrick's lawsuit against Carson. Alternatively, Carrick and Thomas contend they have absolute immunity against any falsifications presented during trial.

{¶ 8} Carson's second cause of action, claim on an account stated, seeks payment on unpaid legal fees due and owing from Carrick in the amount of $42,335. The alleged legal services were provided between October 8, 2012, and June 11, 2014.

{¶ 9} In response to Carson's September 2, 2018 filing of his complaint, Carrick and Thomas filed an answer on October 23, 2018, and a motion for judgment on the pleadings on November 7, 2018. The trial court presented a

thorough opinion and order when it granted Carrick and Thomas's motion for judgment on the pleadings on December 20, 2018.

{¶ 10} Carson now appeals, assigning the following errors for review:

Assignment of Error One
The trial court's ruling that appellant failed to plead a claim for abuse of process was plain error.

Assignment of Error Two
[The trial court erred because] [a]ppellant's claim on an account stated was not a compulsory counterclaim in a prior lawsuit brought by appellee Kathleen M. Carrick against appellant, [sic] and therefore, [sic] contrary to the trial court's opinion [was] not barred under the doctrine of res judicata.

## Motion for Judgment on the Pleadings

{¶ 11} In the first assignment of error, Carson argues that the trial court committed plain error when it dismissed his abuse-of-process claim pursuant to Carrick and Thomas's Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 12} Plain error is not the correct standard of review in the case sub judice. We review an appeal from a Civ.R. 12(C) motion for judgment on the pleadings under a de novo standard of review. *Shingler v. Provider Servs. Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 106383, 2018-Ohio-2740, ¶ 17. A review of a Civ.R. 12(C) motion for judgment on the pleadings raises only questions of law and may take into consideration both the complaint and answer. *Id.* The appropriate test to determine whether a complaint can be dismissed pursuant to Civ.R. 12(C) is as follows:

Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2)

finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.

*State ex rel. Midwest Pride IV v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99, 616 N.E.2d 519 (8th Dist.1992).

{¶ 13} "The tort action termed 'abuse of process' has developed for 'cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed.'" *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 297, 626 N.E.2d 115 (1994), quoting Keeton, Dobbs, Keeton & Owen, *Prosser and Keeton on the Law of Torts*, Section 121, 897 (5th Ed.1984).

{¶ 14} In *Yaklevich* at paragraph one of the syllabus, the Ohio Supreme Court identified the elements for an abuse-of-process claim:

> The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.

{¶ 15} "This court has held that 'the ulterior motive contemplated by an abuse-of-process claim generally involves an attempt to gain an advantage outside the proceeding, using the process itself as the threat.'" *Barbara Mills v. Westlake*, 2016-Ohio-5836, 70 N.E.3d 1189, ¶ 38 (8th Dist.), quoting *Sivinski v. Kelley*, 8th Dist. Cuyahoga No. 94296, 2011-Ohio-2145, ¶ 36. Typical examples of an ulterior motive include "'extortion of money, prevention of a conveyance, [or] compelling

someone to give up possession of something of value when these things were not the purpose of the suit.'" *Sivinski* at ¶ 36, quoting *Wolfe v. Little*, 2d Dist. Montgomery No. 18718, 2001 Ohio App. LEXIS 1902, 10 (Apr. 27, 2001).

**{¶ 16}** The key factor in an abuse-of-process lawsuit "is whether an improper purpose was sought to be achieved by the use of a lawfully brought previous action." *Yaklevich*, 68 Ohio St.3d at 300, 626 N.E.2d 115.

**{¶ 17}** Construing all material allegations in the complaint and all reasonable inferences to be drawn therefrom in favor of Carson, we find that Carson can prove no set of facts in support of his abuse-of-process claim that would entitle him to relief. Specifically, Carson's complaint alleges Carrick, with Thomas's representation, filed a lawsuit against Carson that was in proper form and presented probable cause. Carson avers Carrick and Thomas perverted the proceedings in an attempt to accomplish an ulterior purpose. The proposed ulterior purpose was to prevail on Carrick's fraud and conversion claims and, based upon that judgment, apply to the Lawyers' Fund for Client Protection. Carson argues this plan by Carrick and Thomas would allow them to recover any sums awarded at trial that were uncollectible due to Carson's diminished financial status.

**{¶ 18}** Carson's argument lacks merit. Carrick's fraud and conversion claims were dismissed on a directed verdict. Based upon Carrick's judgment on the legal malpractice and breach of fiduciary duty claims — not a judgment on the fraud and conversion as claimed by Carson — Carrick sought payment from the Lawyers' Fund for Client Protection. We find no set of facts support Carson's argument that Carrick

had an ulterior motive behind her fraud and conversion claims that gave rise to an abuse-of-process claim.

{¶ 19} Further, the pleadings reflect Carrick and Thomas sought a legitimate remedy in the original lawsuit — judgment on the pleaded causes of action and a monetary award. An abuse-of-process claim must fail where a party seeks a legal remedy that the court is empowered to give. *Sivinski*, 8th Dist. Cuyahoga No. 94296, 2011-Ohio-2145, at ¶ 37.

{¶ 20} Based on the foregoing, the pleadings did not support Carson's abuse-of-process claim and the trial court properly granted Carrick and Thomas's Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 21} Accordingly, the first assignment of error is overruled.

## Compulsory Counterclaim

{¶ 22} In the second assignment of error, Carson argues that the trial court erred when it found his claim against Carrick on an account stated was a compulsory counterclaim and, because Carson did not plead the counterclaim in the original action, it was barred by res judicata.

{¶ 23} Civ.R. 13(A) reads in pertinent part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"'Compulsory counterclaims under Civ.R. 13(A) must be litigated in the original action or are forever barred.'" *Myocare Nursing Home, Inc. v. Hohmann*, 8th Dist.

Cuyahoga No. 104290, 2017-Ohio-186, ¶ 7, quoting *Huntington Natl. Bank v. Dixon*, 8th Dist. Cuyahoga No. 101273, 2015-Ohio-1735, ¶ 6.

{¶ 24} In *Rettig Ents. v. Koehler*, 68 Ohio St.3d 274, 277, 626 N.E.2d 99 (1994), the Ohio Supreme Court set forth a two-prong test to establish a compulsory counterclaim:

> "(1) does the claim exist at the time of serving the pleading * * *; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim."

*Id.*, quoting *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 457 N.E.2d 827 (1984).

{¶ 25} Carson acknowledges that his counterclaim for unpaid fees arose out of the subject matter of Carrick's claims in the prior lawsuit, thereby satisfying the second prong of the test. Carson denies the claim existed at the time Carrick filed the original complaint. Specifically, Carson contends his claim for legal fees did not exist when Carrick filed her original complaint because (1) Carrick claimed she did not execute a fee arrangement with Carson, (2) Carrick claimed Carson had stolen the monies to satisfy his legal fees, and (3) Carrick claimed at trial she received Carson's legal fees pro bono.

{¶ 26} Carson's claim on an account stated seeks legal fees allegedly incurred between October 8, 2012, and June 11, 2014. The original lawsuit was filed on April 24, 2015. Hence, Carson's claim for legal fees existed when the original lawsuit was filed.

{¶ 27} Carson's claim on an account stated satisfies the two-prong test espoused in *Rettig Ents.*, and therefore, represents a compulsory counterclaim that had to be filed in the original lawsuit. Res judicata barred Carson from subsequently filing his claim on an account stated. The trial court correctly granted Carrick's Civ.R. 12(C) motion for judgment on the pleadings.[2]

{¶ 28} Based on the foregoing, the trial court did not err when it determined Carson's action on an account stated was a compulsory counterclaim barred by res judicata and granted Carrick's Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 29} Accordingly, the second assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[2] In ruling on Carrick and Thomas's Civ.R. 12(C) motion, the trial court could consider the parties' complaint and answer as well as the attachments to those pleadings. *Shingler*, 8th Dist. Cuyahoga No. 106383, 2018-Ohio-2740, at ¶ 17; Civ.R. 10(C). Relevant documents attached to the complaint and answer included (1) Carrick and Thomas's complaint filed in the original lawsuit; (2) Carson's answer to the original lawsuit; and (3) the judgment entries reflecting the directed verdict, jury verdict, and jury award in the original lawsuit. Based upon the pleadings in the instant lawsuit and the above-referenced documents, this case represents a situation where the trial court can procedurally grant a Civ.R. 12(C) motion for judgment on the pleadings based upon res judicata. *See Hawke, Inc. v. Universal Well Servs.*, 9th Dist. Summit No. 25056, 2010-Ohio-4730, ¶ 12; *see also Hammerschmidt v. Wyant Woods Care Ctr.*, 9th Dist. Summit No. 19779, 2000 Ohio App. LEXIS 6166, 3 (Dec. 27, 2000).

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR