[Cite as *Bockelman v. Griffin*, 2025-Ohio-807.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
### TRUMBULL COUNTY

MARK L. BOCKELMAN, et al.,

        Plaintiffs-Appellees,

- vs -

DELORES GRIFFIN,

        Defendant-Appellant.

CASE NO. 2024-T-0059

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2019 CV 00529

**O P I N I O N**

Decided: March 10, 2025
Judgment: Affirmed

*Thomas J. Wilson*, Comstock, Springer & Wilson Co., LPA, 100 Federal Plaza East, Suite 926, Youngstown, OH 44503 (For Plaintiffs-Appellees).

*William A. Carlin* and *Mark W. Biggerman*, Carlin & Carlin, 29325 Chagrin Boulevard, Suite 305, Pepper Pike, OH 44122 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} This case is a direct appeal filed by defendant-appellant, Delores Griffin, from the judgments of the Trumbull County Court of Common Pleas entering final judgment in favor of plaintiffs-appellees, Mark and Sheri Bockelman ("the Bockelmans"), and denying Griffin's post-judgment motion to file instanter the transcript of the magistrate's hearing. For the following reasons, we affirm.

{¶2} In 2019, the Bockelmans filed a complaint for fraudulent inducement against Griffin. They alleged that the 2017 sale of Griffin's residence to them was induced by fraud because Griffin failed to disclose a pending sewer assessment in the residential

property disclosure form. Griffin answered and filed a third-party complaint against Northwood Realty for indemnity.

{¶3} All parties moved for summary judgment.

{¶4} In 2021, the trial court granted the Bockelmans' and Northwood Realty's motions for summary judgment and denied Griffin's motion for summary judgment. Griffin appealed. We affirmed the grant of summary judgment in favor of Northwood Realty on Griffin's indemnification claim, reversed the grant of summary judgment in favor of the Bockelmans, and remanded the matter to the trial court for further proceedings. *Bockelman v. Griffin*, 2022-Ohio-439 (11th Dist.).

{¶5} On remand, a notice was issued on May 5, 2023, setting a trial to the magistrate for August 8, 2023. On June 26, 2023, Griffin filed a motion to dismiss the Bockelmans' complaint. Griffin argued that fraud cannot be the basis of the Bockelmans' claim because the pending sewer assessment was a matter of public record and because the contract covers the same subject matter as the alleged inducement. Griffin additionally argued that the Bockelmans' claim is barred by the "as is" clause in the purchase contract and by the doctrine of caveat emptor. The Bockelmans did not file a response in opposition to the motion to dismiss, and the trial court never ruled on the motion. Following the trial to the magistrate, Griffin filed proposed findings of fact and conclusions of law.

{¶6} On April 1, 2024, the magistrate recommended entering judgment in favor of the Bockelmans and against Griffin in the amount of $27,259.61. The magistrate made the following findings of fact:

> On October 17, 2013, the Trumbull County Sanitary Engineer's Department sent a letter to [Griffin] informing her that her residence [in

2

Vienna, Ohio] was subject to an assessment in the amount of $27,259.61 for the Little Squaw Creek Interceptor Phase 4 Sanitary Sewer Project Trumbull County Project 19-S-02D and advising her that a public hearing on the Little Squaw Creek Sanitary Sewer Project would be held on November 19, 2013.

In her testimony, Ms. Griffin admitted to living in the residence at that time and continued to have exclusive use of the residence until September 2014 when she moved to [Cortland, Ohio], but she denied receiving the letter. Gary Newbrough, the representative from the Trumbull County Sanitary Engineer's Office acknowledged that the letter was not returned to his officers unclaimed or undeliverable.

On June 22, 2016 the Trumbull County Sanitary Engineers Office mailed to [Griffin] at [her current residence in Cortland] a connection notice for the sewer line in front of [her previous residence in Vienna]. The notice outlined a tap in fee of $1,890.00 in a numbered paragraph and further advised [Griffin] as follows: "The costs of this project have not been finalized and final frontage service connection assessments will be issued after the costs have been determined. Plaintiff's EX A. Again [Griffin] denied ever receiving this correspondence which again was never returned to the Trumbull County Sanitary Engineer's Offices.

On November 4, 2017 Griffin signed a Real Estate Purchase Contract and the State of Ohio Residential Property Disclosure Form. On the Real Estate Purchase Contract, at Line 70, the form contains a provision that states: "Seller has not received notice of future assessable improvements unless noted _____." Griffin left the space blank. Griffin initialed and dated the bottom of that page and signed at the end. Griffin's [realtor] also signed the agreement. Prior to the sale of the property, [Griffin] signed and initialed the Real Estate Property Disclosure form on March 24, 2017. [Griffin] questioned her signature and initials but ultimately acknowledged them after further interrogation. On Section (L) of the Real Property Disclosure Form entitled "Zoning/Code Violations/Assessments/Homeowner's Association" the form asks "Do you know of any violations of building or housing codes, zoning ordinances affecting the property or any nonconforming uses of the property?" Griffin checked the box "Yes" and wrote in the blank "Buyer has to tie into sewer line at road."

Mark Bockleman [sic] testified that in person, [Griffin] informed him only of the requirement to "tie-in" to the sewer and never informed him of the assessment.

[Griffin] transferred the deed to the property to [the Bockelmans] on December 15, 2017. On November 7, 2018, nearly one year after taking

3

title, [the Bockelmans] received the final notice of assessment from the Trumbull County Commissioners confirming the assessment amount of $27,259.61 and advising that the entire amount must be paid by December 7, 2018 or the assessment would be certified by the County Auditor for collection on the real estate tax bill over a period of twenty years with a fixed annual percentage rate of 2.467%. [The Bockelmans] paid the assessment and made demand for reimbursement upon [Griffin] on January 19, 2019. [Griffin] refused to pay, and [the Bockelmans] filed this suit.

The Magistrate finds the testimony of [Mark Bockelman] to be very credible. Conversely, the Magistrate did not find the testimony of [Griffin] to be credible.

{¶7} The magistrate concluded that "Griffin had a duty to disclose the assessment to the Bockelmans, but only partially did so where there was a duty to speak. The failure to disclose was made with knowledge of its falsity, with the intent of misleading [the Bockelmans] into relying on it." The magistrate further concluded that Griffin's nondisclosure "rises to the level of fraud because the defect was latent," "[the Bockelmans'] reliance upon the misrepresentation was justifiable and [the Bockelmans] were injured in the amount of $27,259.61. Because [the Bockelmans] demonstrated that [Griffin] engaged in fraud, the doctrine of caveat emptor does not shield her from liability."

{¶8} Griffin filed objections to the magistrate's decision, in which she renewed the arguments that she had raised in her motion to dismiss.

{¶9} Following a hearing, the trial court overruled Griffin's objections, adopted the magistrate's decision and recommendations, and ordered judgment in favor of the Bockelmans in the amount of $27,259.61. In its entry, the trial court also noted the following:

A party's objection to a magistrate's factual finding must be supported with a transcript or an affidavit of the evidence submitted to the magistrate. Civ.R. 53(D)(3)(b)(iii). The objecting party is required to file the transcript or affidavit with the court within 30 days after filing objections unless the time for preparing the transcript is extended. [*Id.*] The Court

notes that Defendant included references to the transcript, she failed to file the transcript with the Court as required . . ., and accordingly, this Court's review of the record is limited to an examination of the magistrate's conclusions of law and recommendations in light of any accompanying findings of fact. *Manninen v. Alvarez*, [2014-Ohio-75, ¶ 21 (12th Dist.)].

{¶10} On July 11, 2024, Griffin filed a motion to file the transcript instanter. The trial court denied the motion. Also on July 11, Griffin filed a motion for reconsideration, to which the Bockelmans objected; the trial court did not rule on this motion.

{¶11} Now before us is Griffin's appeal from (1) the trial court's "deemed denial" of her motion to dismiss the complaint, (2) the trial court's entry of judgment in favor of the Bockelmans, and (3) the trial court's entry denying her motion to file the transcript instanter. Griffin asserts three assignments of error for our review, which we consider in reverse order.

{¶12} In her third assignment of error, Griffin contends that the trial court committed prejudicial error by denying her motion to file instanter the transcript of the magistrate's hearing.

{¶13} A party's objection to a magistrate's factual finding must be supported with a transcript or an affidavit of all the evidence submitted to the magistrate relevant to that finding. Civ.R. 53(D)(3)(b)(iii). The objecting party is required to file the transcript or affidavit with the court within 30 days after filing objections unless the court extends the time for preparing the transcript or other good cause. *Id.* Because a trial court has broad discretion in deciding whether to consider an untimely transcript, we will not disturb the trial court's decision absent an abuse of discretion. *See Ramsey v. Ramsey*, 2014-Ohio-1921, ¶ 23 (10th Dist.). An abuse of discretion is the "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d

5

Dist.), quoting *Black's Law Dictionary* (8th Ed.Rev.2004). "[W]here the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Beechler* at ¶ 67.

{¶14} Griffin failed to file a transcript of the magistrate's hearing within 30 days after filing her objections. Instead, Griffin moved to file the transcript over 60 days after filing her objections, which was also after the trial court had held its hearing on the objections and issued its final judgment in this matter. In her motion, Griffin asserted that the trial court should accept the transcript for filing because both parties had included citations to the unfiled transcript in their post-hearing submissions to the court. Griffin states that the transcript was not filed timely due to "simple neglect."

{¶15} Griffin has not put forth a persuasive argument that the trial court's denial of her motion amounts to an abuse of discretion. Consequently, Griffin's third assignment of error is without merit.

{¶16} In her second assignment of error, Griffin asserts that the trial court committed prejudicial error by adopting the magistrate's conclusion that the failure to disclose the pending sewer assessment on the property disclosure form was fraudulent.

{¶17} Because Griffin failed to provide the trial court with a transcript of the magistrate's hearing, appellate review is limited to whether the trial court abused its discretion in adopting the magistrate's decision. *See State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995). Moreover, we are precluded from considering the transcript of the hearing that Griffin submitted with the appellate record. *See id.* "In other words, an appeal under these circumstances can be reviewed by the

6

appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." *Id.* *Accord Auto Loan, Inc. v. Sisler*, 2022-Ohio-3282, ¶ 8 (11th Dist.) (in the absence of a transcript, a trial court's decision to adopt a magistrate's decision will be reversed only if there is a clear error of law or other defect on the face of the decision).

{¶18} "The elements of an action in actual fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987). "A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. 'The fraud relates not to the nature or purport of the [contract], but to the facts inducing its execution . . . .'" *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 502 (1998), quoting *Haller v. Borror Corp.*, 50 Ohio St.3d 10, 14 (1990). "In order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." *ABM Farms* at 502, citing *Beer v. Griffith*, 61 Ohio St.2d 119, 123 (1980).

{¶19} Griffin's duty to disclose the pending sewer assessment is governed by R.C. 5302.30, which as Griffin accurately notes, does not include the terms "patent defect" and "latent defect." Rather, R.C. 5302.30(C) requires that "every person who intends to

7

transfer any residential real property . . . shall complete all applicable items in a property disclosure form" as prescribed by statute. On this form, the transferor must disclose "material matters relating to the physical condition of the property to be transferred, including, but not limited to . . . the nature of the sewer system serving the property . . . and any material defects in the property that are within the actual knowledge of the transferor." R.C. 5302.30(D)(1).

{¶20} "Each disclosure of an item of information that is required to be made in the property disclosure form . . . shall be made . . . in good faith," R.C. 5302.30(E)(1), meaning "honesty in fact in a transaction involving the transfer of residential real property," R.C. 5302.30(A)(1). R.C. 5302.30(F)(1) provides, "A transferor of residential real property is not liable in damages in a civil action for injury, death, or loss to person or property that allegedly arises from any error in, inaccuracy of, or omission of any item of information required to be disclosed in the property disclosure form if the error, inaccuracy, or omission was not within the transferor's actual knowledge."

{¶21} "The rationale of R.C. 5302.30 and the requirements it imposes is that prospective purchasers, having [been] put on notice of particular circumstances or conditions associated with a latent defect, will either decline to make an offer to purchase the property or, before doing so, will make further inquiries or inspections to determine the existence and extent of the defect." *Kerbler v. Biltwell Contracting LLC*, 2024-Ohio-5607, ¶ 55 (5th Dist.), citing *McCoy v. Good*, 2007-Ohio-327, ¶ 44 (2d Dist.). As we have explained, "'[a] seller's failure to disclose the information required by the disclosure form does not necessarily mean that the seller has committed fraud; however, when the seller intentionally fails to disclose a material fact on the disclosure form with the intention of

8

misleading the buyer, and the buyer relies upon the disclosure form, the seller is liable for any resulting injury.'" *Evon v. Walters*, 2021-Ohio-3475, ¶ 16 (11th Dist.), quoting *Gentile v. Ristas*, 2005-Ohio-2197, ¶ 53 (10th Dist.).

{¶22} In completing the property disclosure form, Griffin checked the "yes" box in response to the question, "Do you know of any violations of building or housing codes, zoning ordinances affecting the property or any nonconforming uses of the property?" She described her answer by stating, "Buyer has tie in [sic] to new sewer line at road." Griffin checked the "no" box in response to the question, "Do you know of **any recent or proposed** assessments, fees or abatements, which could affect the property?" (Bold emphasis in original.)

{¶23} The magistrate concluded that Griffin had a duty to disclose the pending sewer assessment but only partially did so by disclosing the tie-in fee, and that Griffin's nondisclosure of the pending sewer assessment "rises to the level of fraud because the defect was latent." Griffin argues that the pending sewer assessment was not a latent defect because it was a matter of public record and, therefore, that the Bockelmans' fraud claim is precluded by the doctrine of caveat emptor ("let the buyer beware"). The Bockelmans' position is that the pending sewer assessment was not a matter of public record until after the property transfer.

{¶24} "'The principle of *caveat emptor* applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature

9

as to constitute fraud.'" *Layman v. Binns*, 35 Ohio St.3d 176, 177 (1988), quoting *Traverse v. Long*, 165 Ohio St. 249, 252 (1956). Caveat emptor only applies when (1) the defect is open to observation or is discoverable on reasonable inspection; (2) the purchaser had an unimpeded opportunity to examine the property; and (3) the vendor has not engaged in fraud. *Layman* at 177.

{¶25} The magistrate found that the pending sewer assessment was a latent defect because, "at the time of the sale of the property, the assessment had not yet been fully levied on the property such that it would show up on a public record search in the title report as a lien against the property." The magistrate further found:

> Moreover, . . . though the Sanitary Engineers records are 'public records' insofar as they are not confidential, those records were kept only at the Sanitary Engineer's department and were not records that are customarily part of a title search performed at the time of the sale of a property so as to put a purchaser on notice of an assessment. Likewise, . . . the prior newspaper notices are not public records which place [the Bockelmans] on notice of the assessment. Once again, these are not records customarily searched as a part of a title search at the time of the sale of property. To find them public records which would place homebuyers on notice would place an unwieldy burden on all new homebuyers to scour multiple years of newspapers to discover potential assessments.

{¶26} The magistrate's factual findings support the legal conclusion that the Bockelmans' reliance on Griffin's misrepresentation on the property disclosure form was justifiable and that the doctrine of caveat emptor does not preclude their recovery in this matter because the pending sewer assessment was not openly observable or readily discoverable upon reasonable inspection. These factual findings similarly defeat Griffin's argument that the "as is" clause in the purchase agreement shields her from liability. *See Bedwell v. Schmitt*, 2002-Ohio-6909, ¶ 21 (11th Dist.) (an "as is" clause does not prevent liability when the seller makes a fraudulent representation or concealment regarding a

10

latent defect). Accordingly, we cannot conclude that the trial court abused its discretion by adopting the magistrate's decision.

{¶27} Griffin's second assignment of error is without merit.

{¶28} In her first assignment of error, Griffin asserts that the trial court committed prejudicial error by denying—i.e., by failing to rule on—her unopposed motion to dismiss the Bockelman's complaint.

{¶29} Civ.R. 12(B) provides for the filing of a motion to dismiss based upon a failure to state a claim upon which relief can be granted: "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . ." In addition, Civ.R. 12(C) provides for a motion for judgment on the pleadings: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶30} Because Griffin filed her motion after the pleadings were closed, it is properly considered a Civ.R. 12(C) motion for judgment on the pleadings rather than a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569 (1996). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id*. at 570. "Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *Id*. We

11

therefore review a ruling on a motion for judgment on the pleadings de novo, affording no deference to the trial court's decision. *See Maplewood at Chardon, LLC v. Stinn*, 2023-Ohio-2539, ¶ 11 (11th Dist.).

{¶31} The trial court did not rule on Griffin's motion before entering final judgment in the case. As a result, Griffin's motion is deemed to have been denied. *See State ex rel. Ames v. Portage Cty. Solid Waste Mgmt. Dist. Bd. of Commrs.*, 2022-Ohio-2740, ¶ 37 (11th Dist.), citing *Vogias v. Ohio Farmers Ins. Co.*, 2008-Ohio-3605, ¶ 45 (11th Dist.); *see also Savage v. Cody-Zeigler, Inc.*, 2006-Ohio-2760, ¶ 28 (4th Dist.).

{¶32} We previously determined that "genuine issues of material fact exist[ed] as to Griffin's knowledge of the assessments and intent in failing to disclose them as well as the Bockelmans' justifiable reliance on the nondisclosure." *Bockelman*, 2022-Ohio-439, at ¶ 11 (11th Dist.). Notably, we made this determination upon review of the various documents that the Bockelmans attached to their complaint: the 2013 public-hearing notice advising Griffin (as the current owner of the property) of tentative assessments and the minutes of that public hearing; the 2017 Residential Property Disclosure Form, Real Estate Purchase Contract, and Warranty Deed; and the 2018 letter advising the Bockelmans (as the new owners of the property) of the final assessment amount. *Id.* at ¶ 12-13. There was no affidavit or deposition testimony in the record. *Id.* at ¶ 11.

{¶33} The trial court was asked to review this same complaint when Griffin filed her "motion to dismiss," in which she argued that the nondisclosure of the pending sewer assessment cannot be the basis of a fraud claim because it was a matter of public record. On appeal, Griffin asserts that the trial court should have granted her motion because the Bockelmans "cannot prove the justifiable reliance necessary for a fraudulent inducement

12

Case No. 2024-T-0059

claim as a matter of law." However, because we had already determined that genuine issues of material fact exist on this issue, the trial court did not err by failing to decide that Griffin was entitled to judgment as a matter of law. Moreover, because the subsequent trial on the merits demonstrated that there were genuine issues of material fact supporting a judgment in favor of the Bockelmans, any error by the trial court in denying Griffin's motion would have been rendered moot or harmless. *See Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156 (1994) (any error in denying a motion for summary judgment was rendered moot or harmless because "a full and complete development of the facts at trial . . . showed that the [nonmoving party was] entitled to judgment"). *See also Steiner v. Piero-Silagy*, 2017-Ohio-7669, ¶ 13-17 (5th Dist.) (applying the holding of *Continental Ins. Co.* to the denial of a motion for judgment on the pleadings); *A N Bros. Corp. v. Total Quality Logistics, L.L.C.*, 2016-Ohio-549, ¶ 20 (12th Dist.) (applying the holding of *Continental Ins. Co.* to the denial of a motion to dismiss).

{¶34} Griffin's first assignment is without merit.

{¶35} For the reasons provided herein, the judgments of the Trumbull County Court of Common Pleas are affirmed.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

13

Case No. 2024-T-0059