[Cite as *Broadview Rd. Holdings, L.L.C. v 7800 Broadview, Inc.*, 2025-Ohio-2006.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

BROADVIEW RD. HOLDINGS, LLC, :

  Plaintiff-Appellant,  :

               No. 114298

  v.         :

7800 BROADVIEW, INC., ET AL., :

  Defendants-Appellees.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 5, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-998126

---

***Appearances:***

Harvey + Abens Co., LPA, David L. Harvey III, and Matthew B. Abens, *for appellant.*

The Lindner Law Firm LLC and Daniel F. Lindner, *for appellees.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Appellant, Broadview Rd. Holdings, LLC ("Broadview"), appeals the trial court judgment entry granting Appellees 7800 Broadview, Inc. ("7800 Broadview") and Anthony Dimassa's ("Dimassa") motion for judgment on the

pleadings.  After reviewing the relevant facts and case law, we vacate the judgment and remand the case to the trial court.

## I.      FACTS AND PROCEDURAL HISTORY

{¶ 2} This case stems from the sale of real property located at 7892 Broadview Road, Parma, Ohio 44134 ("the Property").  Broadview purchased the Property for $541,500 on May 31, 2022, pursuant to a commercial real estate purchase agreement ("Agreement").  The sale of the property was recorded on June 13, 2022.

{¶ 3} On May 30, 2024, Broadview filed a complaint against 7800 Broadview and Dimassa, the owner of 7800 Broadview, alleging breach of contract, fraudulent concealment and negligent misrepresentation.  7800 Broadview and Dimassa filed an amended answer on July 10, 2024.

{¶ 4} On July 22, 2024, 7800 Broadview and Dimassa filed a motion for judgment on the pleadings.

{¶ 5} On August 22, 2024, the trial court granted the motion for judgment on the pleadings without issuing an opinion.

{¶ 6} On August 27, 2024, Broadview appealed alleging one assignment of error: "[t]he trial court erred in granting [7800 Broadview and Dimassa's] motion for judgment on the pleadings."

## Allegations in the Pleadings

**{¶ 7}** Broadview made the following allegations in its complaint:

6. On May 31, 2022, [Broadview] and 7800 Broadview entered into a purchase agreement for Broadview's purchase of the property located at 7892 Broadview Road, Parma, OH 44134 ("the Property").

. . .

8. Pursuant to Section 13(b) of the Agreement, [7800 Broadview and Dimassa] represented that "[t]here are no threatened, ongoing or current legal, administrative, environmental or governmental actions or investigations that relate in any way to the Property or otherwise affect its value[.]"

9. Pursuant to Section 13(c), [7800 Broadview and Dimassa] represented that the Property was "in conformance with all local, state, building, zoning and environmental laws and/or regulations[.]"

10. Prior to [Broadview] purchasing the Property, there was a due diligence period during which time [Broadview] could conduct and/or perform any inspections, testing, surveying, measuring and/or researching of the Property, any structures contained therein, the Property's legal status and the Property's title it reasonably desired.

11. During the due diligence period, [7800 Broadview and Dimassa] affirmatively marked a form inquiring as to any known property violations as "NA."

12. [Broadview] purchased the Property for $541,500.00.

13. The sale of the Property was recorded on June 13, 2022.

14. On July 19, 2022, [Broadview] received a [] Notice of Violation from the City of Parma's Building Department/Property Maintenance Division. *See* Exhibit 1.

15. The violations the City cited [Broadview] were for holes in the exterior walls; broken/missing windows; replacing missing gutters/downspouts; cutting weeds and grass; improper vehicle storage; cleaning up debris; and roof gable repair.

16. Unbeknownst to [Broadview], [7800 Broadview and Dimassa] had previously received a Notice of Violation from the City of Parma's Building Department/Property Maintenance Division for these exact same violations back on April 13, 2021. *See* Exhibit 2.

17. Pursuant to the notice [7800 Broadview and Dimassa] received on April 13, 2021, which was more than a year before the parties' Agreement. [sic]

18. [7800 Broadview and Dimassa] were supposed to resolve the bulk of those violations by no later than July 15, 2021, while two of the violations were to be remedied by June 1, 2021.

19. [7800 Broadview and Dimassa] failed to remedy the violations noticed in Exhibit [2].

20. [Broadview] has since paid $56,656.77 to fix the violations [7800 Broadview and Dimassa] were aware of, at a minimum, as of April 13, 2021.

{¶ 8} Broadview then alleged three claims for breach of contract, fraudulent concealment and negligent misrepresentation. Broadview attached to the complaint a City of Parma Building Department/Property Maintenance Division violation notice dated April 13, 2021 and another violation notice from Parma dated July 19, 2022.

{¶ 9} 7800 Broadview and Dimassa filed an amended answer that denied most of the substantive allegations and asserted affirmative defenses. Attached to 7800 Broadview and Dimassa's amended answer was exhibit No. 1, which is the Agreement between the parties.

## II.  LAW AND ANALYSIS

### Standard of Review Judgment on the Pleadings

{¶ 10} "We review an appeal from a Civ.R. 12(C) motion for judgment on the pleadings under a de novo standard of review." *Carson v. Carrick*, 2019-Ohio-4260, ¶ 12 (8th Dist.), citing *Shingler v. Provider Servs. Holdings, L.L.C.*, 2018-Ohio-2740, ¶ 17 (8th Dist.).

> Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." To be entitled to a dismissal under Civ.R. 12(C), "it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all the material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor."

*Malek v. Eresearch Tech. Inc.*, 2022-Ohio-3330, ¶ 53 (8th Dist.), quoting *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74 (2002).

{¶ 11} The appropriate test to determine whether a complaint can be dismissed pursuant to Civ.R. 12(C) is as follows:

> Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.

*Carson* at ¶ 12, quoting *State ex rel. Midwest Pride IV v. Pontious*, 75 Ohio St.3d 565, 570 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist. 1992).

{¶ 12} In making this determination, "the court is restricted to the allegations in the pleadings and any writings attached as exhibits to the pleadings." *Socha v.*

*Weiss*, 2017-Ohio-7610, ¶ 9 (8th Dist.). "A review of a Civ.R. 12(C) motion for judgment on the pleadings raises only questions of law and may take into consideration both the complaint and answer." *Carson* at ¶ 12, citing *Shingler* at ¶ 17. "Under Civ.R. 12(C), matters outside the pleadings cannot be considered because such motions are restricted to considering only the allegations contained within the four corners of the pleadings." *Edwards v. Kelley*, 2021-Ohio-2933, ¶ 8 (8th Dist.), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). "A motion for judgment on the pleadings raises only questions of law, testing the legal sufficiency of the claims asserted." (Citations omitted.) *Crenshaw v. Howard*, 2022-Ohio-3914, ¶ 13 (8th Dist.).

{¶ 13} When reviewing the sufficiency of a complaint, this court is mindful that Civ.R. 8(A) provides for notice pleading, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the party claims to be entitled." *Woods v. Sharkin*, 2022-Ohio-1949, ¶ 30 (8th Dist.). Even under Ohio's liberal pleading rules and notice-pleading standard, however, a cause of action must be factually supported and courts need not accept bare assertions of legal conclusions. *Id.*

**Breach of Contract Claim**

{¶ 14} Broadview's first claim was for a breach of contract, i.e., the Agreement in this case.

{¶ 15} "Generally, the elements for a breach of contract are that a plaintiff must demonstrate, by a preponderance of the evidence, that (1) a contract existed,

(2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations and (4) damages resulted from this failure." (Citations omitted.) *Kirkwood v. FSD Dev. Corp.*, 2012-Ohio-2922, ¶ 13 (8th Dist.).

{¶ 16} It is undisputed here that a contract existed for the sale of real estate between Broadview and 7800 Broadview and that Broadview alleged such in its complaint. Broadview also alleged that it fulfilled its obligation under the agreement by paying the purchase price of $541,500. Broadview alleged that 7800 Broadview breached sections 13(b) and 13(c) of the Agreement by making false warranties and representations and failing to disclose the violations affecting the Property. Lastly, Broadview alleged it had been damaged in the amount of $56,656.77, which was the cost to remedy all the violations.

{¶ 17} Construing these material allegations with all reasonable inferences drawn in favor of Broadview as true, it cannot be said that Broadview can prove no set of facts to support its relief under its claim for breach of contract. Broadview satisfies the notice pleading requirements for a breach of contract claim and the lower court erred in granting 7800 Broadview and Dimassa's motion for judgment on the pleadings regarding this claim.

**Fraudulent Concealment Claim**

{¶ 18} Broadview's second claim alleged that 7800 Broadview and Dimassa engaged in the fraudulent concealment of the housing code violations.

{¶ 19} "The elements of fraudulent concealment are: (1) actual concealment of a material fact, (2) with knowledge of the fact concealed, (3) with the intent to

mislead another into relying upon it; (4) justifiable reliance on the concealment; and (5) injury proximately caused by the reliance." *Sharkin*, 2022-Ohio-1949, at ¶ 65, citing *Bencivenni v. Dietz*, 2013-Ohio-4549, ¶ 42 (11th Dist.). "Civ.R. 9(B) provides: 'In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *Sharkin* at ¶ 65.

{¶ 20} Broadview alleged that 7800 Broadview and Dimassa fraudulently concealed the material fact that the Property was subject to several housing code violations from the City of Parma. Broadview alleged that 7800 Broadview and Dimassa fraudulently represented and warranted in the Agreement that there were not any current legal actions related to the Property and that it was in conformance with all local, state, building and zoning regulations. It also alleged that 7800 Broadview and Dimassa made these representations with knowledge of their falsity and with the intent to mislead Broadview into relying on them. Broadview alleged it was justified in relying upon 7800 Broadview and Dimassa's false concealments/representations in the Agreement and that as a proximate result of said fraudulent conduct, Broadview has been injured by its reliance.

{¶ 21} 7800 Broadview and Dimassa argue that Broadview was not justified in relying upon their false concealment/misrepresentation of the housing code violations because R.C. 5301.253 imputes constructive knowledge upon buyers of real property of housing code violations.

{¶ 22} R.C. 5301.253 provides that

(A) The owner of any property who has received written notice that the property is in violation of any building or housing code shall give the purchaser or grantee of the property written notice of the code violations prior to entering into an agreement for the transfer of title to the property, or if the owner does not enter into a written agreement for the transfer, prior to the filing for record of a deed to the property. Any notice or order of a court or of a housing or building authority of the State or a political subdivision that relates to a violation of the building or housing code of the state or any political subdivision and *that appears on the public records of the issuing authority* is notice to all subsequent purchasers, transferees, or any other persons who acquire any interest in the real property in which the violation exists and may be enforced against their interest in the real property without further notice or order to them.

(Emphasis added.) 7800 Broadview and Dimassa allege that this statute provides that any notice of a housing or building authority that is related to a violation of the building/housing code and that appears on the public records of the issuing authority is notice to all subsequent purchasers, such that Broadview had notice.

{¶ 23} "Generally, '[t]he "question of justifiable reliance is one of fact."'" *Mobley v. James*, 2020-Ohio-380, ¶ 40 (8th Dist.), quoting *Mar Jul, LLC v. Hurst*, 2013-Ohio-479, ¶ 61 (4th Dist.), quoting *Crown Property Dev. Inc., v. Omega Oil Co.* 113 Ohio App.3d 647, 657 (12th Dist. 1996). In reviewing the pleadings, there are no allegations or evidence that the housing code violations appear on the public records of the issuing authority, here the City of Parma. Whether they appear as public records is an issue of fact that cannot be determined at this stage of the litigation, based solely on the allegations in the pleadings. As such, we find that at this time, and pursuant to R.C. 5301.253, it cannot be said that Broadview had constructive notice of the housing violations prior to the purchase of the Property.

{¶ 24} Construing these material allegations with all reasonable inferences drawn in favor of Broadview as true, it cannot be said that Broadview can prove no set of facts to support its relief under its claim for fraudulent concealment. Broadview satisfies the notice pleading requirements for a fraudulent concealment claim and the lower court erred in granting 7800 Broadview and Dimassa's motion for judgment on the pleadings regarding this claim.

**Negligent Misrepresentation Claim**

{¶ 25} Broadview's third claim alleged that 7800 Broadview negligently misrepresented that there were no housing code violations regarding the Property.

{¶ 26} The elements of negligent misrepresentation are

> (1) one who, in the course of his or her business, profession, or employment, or in any other transaction in which he or she has a pecuniary interest; (2) supplies false information for the guidance of others in their business transactions; (3) is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information; and (4) if he or she fails to exercise reasonable care or competence in obtaining or communicating the information.

*Sharkin*, 2022-Ohio-1949, at ¶ 66, citing *Delman v. Cleveland Hts.*, 41 Ohio St.3d 1, 4 (1989).

{¶ 27} Broadview alleged in its complaint that it had a pecuniary interest in the Property it purchased and that 7800 Broadview and Dimassa supplied false information to Broadview that there were no known issues of housing code violations and that the Property was in conformity with all laws and regulations. 7800 Broadview and Dimassa supplied this false information to get Broadview to justifiably rely upon and purchase the Property. Broadview alleged it was subject to

pecuniary loss to get the property up to code and was justified in its reliance upon the information provided by 7800 Broadview and Dimassa who failed to exercise reasonable care or competence in obtaining and communicating this false information.

{¶ 28} We find that Broadview sufficiently pled a claim for negligent misrepresentation. Upon review of the complaint and answer, we find that Broadview properly alleged a claim for negligent misrepresentation against 7800 Broadview and Dimassa. Construing these material allegations with all reasonable inferences drawn in favor of Broadview as true, it cannot be said that Broadview can prove no set of facts to support its relief under its claim for negligent misrepresentation. Broadview satisfies the notice pleading requirements for a negligent misrepresentation claim and the lower court erred in granting 7800 Broadview and Dimassa's motion for judgment on the pleadings regarding this claim.

**Merger By Deed Doctrine Does Not Apply to Breach of Contract**

{¶ 29} 7800 Broadview and Dimassa argued in their brief that because the merger by deed doctrine is applicable, the Agreement in this case is merged into the warranty deed and no cause of action upon the Agreement can exist.

{¶ 30} "'The doctrine of "merger by deed" holds that whenever a deed is delivered and accepted without qualification, pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants

only.'" *Rockford Homes, Inc. v. Handel*, 2007-Ohio-2581, ¶ 30 (5th Dist.), quoting *Suermondt v. Lowe*, 2006-Ohio-224, ¶ 19 (5th Dist.).

{¶ 31} First, we note that there are no allegations made in the complaint that the deed to the Property was delivered and accepted without qualification. This is an issue of fact that is outside the pleadings.

{¶ 32} Furthermore, Ohio courts, including this court, have recognized that exceptions to the merger by deed doctrine exist: "There are exceptions to the doctrine of 'merger by deed.' Appellant is limited to asserting its rights under the deed unless (1) the elements of fraud or mistake are involved, (2) the deed was accepted under protest and with a reservation of rights, or (3) the purchase contract creates rights collateral to or independent of the conveyance." *Handel* at ¶ 31, citing *Lamberjack v. Priesman*, 1993 Ohio App. LEXIS 576 (6th Dist. Feb. 5, 1993); *Zander v. Blumenthal*, 1 Ohio App.2d 244, 249 (8th Dist. 1964). ("Where the acceptance of a deed is induced by false representations, or by representations that in the exercise of reasonable diligence one should know to be false, the representations and the deed are distinct and the representations are not merged in the deed.").

{¶ 33} In this case, the complaint alleges fraudulent concealment and negligent misrepresentation concerning the failure to disclose housing violations issued for the Property. As such, construing the allegations in the pleadings with all reasonable inferences drawn in favor of Broadview as true, we find that at this point

in the litigation, it is premature to dismiss this case pursuant Civ.R. 12(C) because there are issues of fact concerning the applicability of the doctrine to this Agreement.

**Caveat Emptor and "As Is" Disclaimer**

{¶ 34} 7800 Broadview also argued in their brief that the doctrine of caveat emptor and the "as is doctrine" apply and because they apply Broadview cannot succeed on its claims as a matter of law.

> "'The principle of caveat emptor applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud.'" *Layman v. Binns*, 35 Ohio St.3d 176, 177 (1988), quoting *Traverse v. Long*, 165 Ohio St. 249, 252 (1956)

*Bockelman v. Griffin*, 2025-Ohio-807, ¶ 24 (11th Dist.).

{¶ 35} Caveat emptor only applies when (1) the defect is open to observation or is discoverable on reasonable inspection; (2) the purchaser had an unimpeded opportunity to examine the property and (3) the vendor has not engaged in fraud. *Id.*

{¶ 36} Similarly, "as is" disclaimers bar suit for passive nondisclosures by the seller, but like caveat emptor, it "does not protect a seller from actions alleging positive misrepresentation or fraudulent concealment. *Liotta v. Eckley*, 2000 Ohio App. LEXIS 68, *6 (8th Dist. Jan. 13, 2000). It is undisputed that the Agreement here contained an "as is, where is condition."

{¶ 37} We note, at the outset, that caveat emptor applies to latent conditions or structural defects on the property and is not applied to undisclosed building code violations themselves. Further, there is also no evidence in the pleadings that the alleged defects that resulted in housing code violations were discoverable upon reasonable inspection. Therefore, this is an issue of fact. Based just on the pleadings, there is no evidence presented that the building code violations were open to observation or discoverable upon reasonable inspection. *Griffin*, 2025-Ohio-807, at ¶ 24. Furthermore, there is no evidence presented in the pleadings that Broadview had an unimpeded opportunity to examine the property. These issues are outside the scope of the pleadings.

{¶ 38} In *Thoman v. Horvath*, 2000 Ohio App. LEXIS 2343, *9 (8th Dist. June 1, 2000), this court held that when the defects complained of include items that were the subject of the housing code violations, even though the purchase agreement at issue contained an "as is" disclaimer, this, and the doctrine of caveat emptor, do not preclude an action based on a positive misrepresentation or fraud such as the denial of building code violations in a disclosure statement signed by the sellers. This court held there were genuine issues of material fact concerning whether the seller had knowledge of the housing code violations at the time of sale. *Id.*

{¶ 39} Here, construing the allegations in favor of Broadview, 7800 Broadview and Dimassa were aware of the housing code violations and positively misrepresented in the purchase Agreement that there were no outstanding housing

code violations. Because Broadview alleged positive misrepresentation and fraudulent concealment by 7800 Broadview and Dimassa, the doctrines of caveat emptor or "as is" disclosure do not apply to bar Broadview's claims or recovery under Civ.R. 12(C). Last, there are genuine issues of fact as to whether 7800 Broadview had knowledge of the housing code violations as alleged by Broadview.

{¶ 40} As such, the doctrines of caveat emptor and "as is" disclosure do not, as a matter of law, bar Broadview's recovery in this case and should not be applied to dismiss its complaint under Civ.R. 12(C).

{¶ 41} Wherefore, Broadview's assignment of error is sustained and the trial court's judgment granting 7800 Broadview and Dimassa's motion for judgment on the pleadings is hereby vacated; the case is remanded for further proceedings.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR